Matter of People v Maginley-Liddie (2024 NY Slip Op 03019)

Matter of People v Maginley-Liddie

2024 NY Slip Op 03019

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 450211/24, Ind. No. 71289/23 Appeal No. 2425 Case No. 2024-01682 

[*1]In the Matter of The People of the State of New York ex rel. Timothy Pruitt on Behalf of Tamir Styles, Petitioner-Appellant,
v
Lynelle Maginley-Liddie etc., Respondent-Respondent.

Twyla Carter, The Legal Aid Society, New York (Jennifer Hose of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sarah Marquez of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Ellen N. Biben, J.), entered on or about January 24, 2024, denying the petition for a writ of habeas corpus and dismissing the proceeding, unanimously affirmed, without costs.
The habeas court properly determined that the bail court (Laura A. Ward, J.) did not abuse its discretion in denying bail. The bail court's determination is supported by the seriousness of the second-degree murder and related charges against petitioner, the strength of the People's case, the significant sentence petitioner faced, and the People's proof of petitioner's efforts to destroy evidence. The record reflects that the bail court fully considered the factors enumerated in CPL 510.10 as well as the additional circumstances presented by the parties (see CPL 510.10[1]; People ex rel. Rankin v Brann, — NY3d —, —, 2024 NY Slip Op 00850, *3 [2024]). The court's failure to explicitly address each of the enumerated factors and the arguments raised by petitioner does not warrant a determination that it abused its discretion (see People ex rel. Fischetti v Brann, 166 AD3d 29, 39 [1st Dept 2018]). We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024